**EXHIBIT A**

**General Civil and Domestic Relations Case Filing Information Form**

☑ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

☑ **Superior** or ☐ **State Court of** _Fulton_     **County**

AUG 22, 2023 02:21 PM

| For Clerk Use Only | |
|---|---|
| **Date Filed** _08-22-2023_ | **Case Number** _2023CV384629_ |
| **MM-DD-YYYY** | |

_Ché Alexander_
Ché Alexander, Clerk
Fulton County Superior Court

**Plaintiff(s)**

Wachter, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Lutz, Jeffrey Paul_

**Defendant(s)**

Grady Memorial Hospital Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Grady Cass, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

H.J. Russell & Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Skanska USA Building, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Bar Number** _670646_     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☑ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**                               **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

**AUG 22, 2023 02:21 PM**

Ché Alexander, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WACHTER, INC.,** | \| |
| | \| |
| Plaintiff, | \| |
| | \| |
| **v.** | \| |
| | \| |
| **ECKARDT GROUP, LLC, GRADY** | \| |
| **MEMORIAL HOSPITAL CORP.,** | \| |
| **GRADY CASS, INC., H.J. RUSSELL &** | \| |
| **COMPANY,** and **SKANSKA USA** | \| |
| **BUILDING, INC.,** | \| |
| | \| |
| Defendants. | \| |

**CIVIL ACTION FILE NO.:**

_____

---

### VERIFIED COMPLAINT FOR DAMAGES AND FORECLOSURE OF SPECIAL LIEN

COMES NOW Wachter, Inc., Plaintiff in the above-styled action, by and through undersigned counsel, and hereby makes this Verified Complaint for Damages and Foreclosure of Special Lien against Defendants Eckardt Group, LLC, Grady Memorial Hospital Corporation, Grady Cass, Inc., H.J. Russell & Company, and Skanska USA Building, Inc. The Verification attesting to the allegations set forth herein is attached hereto as **_Exhibit 1_**. In further support of its claims, Plaintiff respectfully shows this Honorable Court the following:

#### JURISDICTION & VENUE

**1.** Plaintiff Wachter, Inc. ("Wachter") is a Kansas for-profit corporation that is duly registered and licensed to transact business within this State.

**2.** Defendant Eckardt Group, Inc. ("Eckardt") is responsible for the unpaid debt owed to Plaintiff. Eckardt is a Georgia for-profit corporation with its principal place of business located at 3690 North Peachtree Road, Atlanta, Georgia 30341. Service of process may be

effectuated by personally serving this Defendant's Registered Agent, John A. Christy, with a copy of this Complaint and Summons, at 1100 Peachtree Street NE STE 800, Atlanta, Georgia 30309, or by any other method or manner permissible under the Georgia Code of Civil Procedure.

3.      Defendant Grady Memorial Hospital Corporation (the "Owner") is the record owner of real property located at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303 (the "Property"), which is the subject of Plaintiff's claims and subject to Plaintiff's lien. Service of process may be effectuated by personally serving this Defendant, through its Registered Agent Timothy Jefferson located at this address, with a copy of this Complaint and Summons, or by any other method or manner permissible under the Georgia Code of Civil Procedure.

4.      Defendant Grady Cass, Inc. (the "Leaseholder") is an affiliate of the Owner which holds a leasehold interest in the Property, which is the subject of Plaintiff's claims and subject to Plaintiff's lien. Service of process may be effectuated by personally serving this Defendant, through its Registered Agent Timothy Jefferson located at this address, with a copy of this Complaint and Summons, or by any other method or manner permissible under the Georgia Code of Civil Procedure.

5.      Defendant H.J. Russell & Company ("HJRC" or, collectively, "JV Defendants") entered into a joint venture along with Skanska USA Building, Inc. to jointly serve as the "Prime Contractor" on a construction project taking place at the Property, and is believed to be withholding construction proceeds owed to Plaintiff. HJRC is a Georgia for-profit company that is duly registered and licensed to transact business within this State. HRJC's principal place of business located at 171 17th Street NW, Suite 1600, Atlanta, Georgia 30363. Service of process may be effectuated by personally serving this Defendant, through its Chief Executive Officer,

Michael Russell located at this address, with a copy of this Complaint and Summons, or by any other method or manner permissible under the Georgia Code of Civil Procedure.

6.      Defendant Skanska USA Building, Inc. ("SKANSKA" or, collectively "JV Defendants") entered into a joint venture along with HRJC to jointly serve as the "Prime Contractor" on the construction project taking place at the Property, and is believed to be withholding construction proceeds owed to Plaintiff. SKANSKA is a Delaware for-profit company that is duly registered and licensed to transact business within this State. SKANSKA is conducting business in this County through its offices located at 55 Ivan Allen Jr Blvd NW, Atlanta, Georgia 30308 and 245 Peachtree Center Avenue, Suite 2500, Atlanta, Georgia 30303. Service of process may be effectuated by personally serving this Defendant, through its Secretary and General Counsel C. Clay Haden located at the Peachtree Center address, with a copy of this Complaint and Summons, or by any other method or manner permissible under the Georgia Code of Civil Procedure.

7.      Personal jurisdiction and venue are proper over Defendants for reasons including but not limited to the fact that each Defendant has transacted business within this State and County, Defendants are in possession of construction proceeds owed to Plaintiff for work occurring on a project herein, and/or refused to pay Plaintiff for its services performed in this County and State, possess property interests which are subject to Plaintiff's liens, and the events which give rise to this action all occurred in Fulton County, Georgia.

## GENERAL ALLEGATIONS

8.      Defendant Grady Memorial Hospital Corporation owns and operates a large medical campus consisting of numerous parcels of land which house a hospital, emergency services center, and various outpatient and inpatient medical facilities in various locations

throughout the city of Atlanta. As the Owner, it leases various portions of its campus to several affiliates, including in this instance, Defendant Grady Cass, Inc., and the two are presently having renovations, repairs and construction performed at their Property.

9.     The JV Defendants were hired by the Owner and/or Leaseholder to oversee, manage, and perform together as their General Contractor in charge of the renovations, repairs and construction performed at the Property. The JV Defendants in turn hired Eckardt by written contract to perform a portion of their scope of work, who in turn hired Plaintiff to provide labor and materials on the Project.

10.     Plaintiff was not provided a copy of the JV Defendants' Prime Contract with the Owner, nor did it receive Eckardt's Subcontract with the JV Defendants, but a copy of Plaintiff's contract with Eckardt for the work it performed appears as ***Exhibit 2*** hereto (the "Contract").

11.     Between August 16 and October 7, 2023, and pursuant to its Contract, Plaintiff dutifully provided labor and materials which were used on and incorporated into the project and Property. Plaintiff performed its contractual duties in a good and workmanlike fashion, free of defect, completing its work by October 10, 2022, and at all times expecting prompt payment.

12.     Plaintiff sent to Eckardt invoices for its labor and materials on a weekly basis, net 60 days, with the understanding that Eckardt would include them in its monthly applications for payment to the JV Defendants, who in turn would submit them to the Owner and/or Leaseholder for payment. A true and correct copy of these invoices appear as ***Exhibit 3*** hereto.

13.     Upon information and belief, Plaintiff's invoices were submitted upstream to the JV Defendants and to the Owner and/or Leaseholder, however, Plaintiff was never paid for the labor and materials associated with any of these invoices.

14.     And, although all Defendants approved the work associated with the invoices, and accepted and benefitted from the labor and materials associated therewith, they have failed to make payment to Plaintiff thereon, despite its written demand and the passage of more than ten (10) days. The total amount past due to Plaintiff is $250,935.95 USD plus interest and costs of collection.

15.     As a result of this labor and materials, the Owner and Leaseholder have received the value of an improved property and Plaintiff is entitled to a claim of lien to secure payment, as set forth by O.C.G.A. §§ 44-14-360 et seq.

16.     On January 5, 2023, Plaintiff timely filed two claims of lien in the Superior Court of Fulton County against the building, structure, improvements and premises or real estate of the Owner, and the property and leasehold interest of the Leaseholder in said Property.

17.     True and correct copies of the Claims of Lien, recorded at Lien Book 5504, Pages 641-644, of the Fulton County Records, are attached hereto as ***Exhibit 4***.

18.     Plaintiff has fully complied with the notice requirements of O.C.G.A. §§ 44-14-361.1 by sending a copy of the liens by certified mail to the Owner and Leaseholder of the Property and by way of copy to Eckardt and the JV Defendants.  A true and correct copy of those notices are attached hereto as ***Exhibit 5***.

19.     At all material times and in all matter material hereto, the Defendants have acted in bad faith, causing Plaintiff unnecessary trouble and expense by forcing Plaintiff to retain an attorney, file a claim of materialmen's lien, and commence the instant action to prompt collection.

**20.**     As a result of Defendants' bad faith, which has caused Plaintiff unnecessary trouble and expense, Plaintiff is entitled to recover its costs and expenses of litigation, including, but not limited to, reasonable attorneys' fees, all pursuant to O.C.G.A. § 13-6-11.

## COUNT I
## BREACH OF CONTRACT
(Eckardt)

**21.**     All preceding statements and allegations of Plaintiff's Verified Complaint for Damages and Foreclosure of Lien not inconsistent with this Count, are incorporated and re-alleged as if expressly set forth herein.

**22.**     As described and shown above, a legally enforceable Contract exists between Plaintiff and Eckardt. At the express request and direction of Eckardt, pursuant to the terms and conditions of their Contract, and with Defendants' knowledge and consent, Plaintiff furnished materials and labor at the Property with the expectation that it would be paid for such work in accordance with its Contract.

**23.**     Plaintiff has fully performed and completed its work in a good and workmanlike fashion, free of defect, and such has been accepted by all Defendants, however, Plaintiff has never been compensated for the work it performed at the Property.

**24.**     Plaintiff has completed its work at the Property and all Defendants have undoubtedly benefitted therefrom.

**25.**     All Defendants have received invoices for Plaintiff's services and an accompanying demand for payment.

**26.**     Eckardt's failure to compensate Plaintiff as set forth herein constitutes a breach of contract under Georgia law. As a direct and proximate result of this Defendant's breach of contract, Plaintiff has been injured in the amount which shall be proven at trial but which is no

less than $250,935.95 USD.  Accordingly, Plaintiff is entitled to recover damages in the amount of $250,935.95, plus interest at the rate of eighteen percent (18%) per annum, until paid.

27.     All conditions precedent to Plaintiff's recovery of damages set forth herein have been waived, satisfied, performed or otherwise excused by Defendants.

**COUNT II**
**UNJUST ENRICHMENT/**
**QUANTUM MERUIT**
(Eckardt)

28.     All preceding statements and allegations of Plaintiff's Verified Complaint for Damages and Foreclosure of Lien not inconsistent with this Count, are incorporated and re-alleged as if expressly set forth herein.

29.     In the event the Contract between Plaintiff and Eckardt is deemed legally unenforceable, or the work Plaintiff performed is deemed to be extra contractual or outside that agreement, Plaintiff asserts this claim for Unjust Enrichment and Quantum Meruit in the alternative.

30.     At the express request and direction of Eckardt, and with the Defendants' knowledge and consent, Plaintiff furnished materials and labor at the Property with the expectation that it would be reasonably compensated for such work. Plaintiff was promised payment for such work and Plaintiff reasonably relied on such promises to pay.

31.     Plaintiff has performed and completed its work in a good and workmanlike fashion, free of defect, and such has been accepted by all Defendants; however, Plaintiff has not been compensated for the services and materials it has provided.

32.     To avoid an unjust enrichment which has benefitted all Defendants at Plaintiff's expense, Eckardt must be made to pay Plaintiff, and judgement should be entered against it in an amount to be shown at trial, which should include all accrued interest and any cost of collection.

33.     All conditions precedent to Plaintiff's recovery of damages as set forth herein have been waived, satisfied, performed or otherwise excused by Defendants.

**C<small>OUNT</small> III**
**A<small>CCOUNT</small> S<small>TATED</small>**
(Eckardt)

34.     All preceding statements and allegations of Plaintiff's Verified Complaint for Damages and Foreclosure of Lien not inconsistent with this Count, are incorporated and re-alleged as if expressly set forth herein.

35.     As described above, Plaintiff performed valuable services and work on the Property at the express request and direction of Eckardt. After Plaintiff completed its requested services and work, Plaintiff submitted timely invoices for the payment of same.

36.     Eckardt has received Plaintiff's invoices; Eckardt has not disputed or otherwise objected to them or claimed that the services and work were not performed or that the services and work were defective or improper in any way. As such, Plaintiff is entitled to the presumption that its stated account is in fact valid, due and owing, and otherwise immediately payable.

37.     And, as this open, commercial account between two business entities remains unpaid, interest accrues on the debt at the rate of eighteen percent per annum pursuant to O.C.G.A. § 7-4-16.

38.     As described above, Plaintiff has been injured in the amount of $250,935.95 USD and Plaintiff is entitled to recover damages from Eckardt in this amount under a theory of account stated, plus interest at the rate of eighteen percent (18%) per annum, until paid.

39.     All conditions precedent to Plaintiff's recovery of damages set forth herein have been waived, satisfied, performed or otherwise excused by Defendants.

## COUNT IV
## VIOLATION OF PROMPT PAYMENT ACT

**40.**    All preceding statements and allegations of Plaintiff's Verified Complaint for Damages and Foreclosure of Lien not inconsistent with this Count, are incorporated and re-alleged as if expressly set forth herein.

**41.**    Pursuant to those definitions contained in Georgia's Prompt Payment Act ("the Act"), O.C.G.A. §§ 13-11-1 *et seq.*, Plaintiff qualifies as a "Subcontractor," as does Eckardt, and the JV Defendants as "Contractor," and the Grady Defendants as "Owners."

**42.**    Plaintiff is entitled to protection under the Act for unpaid construction services it provided, as also described above and in its Contract and invoices.

**43.**    Although Plaintiff has performed and completed its work in a good and workmanlike fashion, free of defect, and such has been accepted by all Defendants, Plaintiff has not been compensated for the reasonable value of the work it performed at the Property.

**44.**    More than ten (10) days have passed and, despite Plaintiff's written demand for all amounts owed, Defendants have failed to pay Plaintiff the $250,935.95 USD owed for the construction work Plaintiff performed.

**45.**    The failure to pay Plaintiff all amounts owed, after successful completion and demand for timely payment, is a violation of the Act.

**46.**    Accordingly, Plaintiff is entitled to payment of all amounts owed, plus interest at the legal rate of twelve (12%) per annum, and a reasonable fee for the services of its attorney, including but not limited to trial, appeal, and/or arbitration.  *See* O.C.G.A. §§ 13-11-1 *et seq.*

**47.**    All conditions precedent to Plaintiff's recovery of damages as set forth herein have been waived, satisfied, performed or otherwise excused by Defendants.

<u>**COUNT V**</u>
**<u>CONVERSION OF CONSTRUCTION PROCEEDS/</u>**
**<u>FALSE SWEARING/ CONSTRUCTIVE TRUST</u>**
(JV Defendants)

**48.**    All preceding statements and allegations of Plaintiff's Verified Complaint for Damages and Foreclosure of Lien not inconsistent with this Count, are incorporated and re-alleged as if expressly set forth herein.

**49.**    In the event that the Owner and Leaseholder retained the amounts associated with the work Plaintiff provided, Plaintiff has and shall assert its rights to the liens it timely filed in accordance with Count VI. However, to the extent that the Owner and Leaseholder paid to the JV Defendants the amounts associated with the work Plaintiff provided, such that a defense to Plaintiff's lien claims may otherwise exist, the JV Defendants have been unjustly enriched by their conversion of construction proceeds intended to pay Plaintiff, as set forth above and below.

**50.**    Between August 16 and October 7, 2023, and pursuant to its Contract, Plaintiff dutifully provided labor and materials which were used on and incorporated into the project and Property. Plaintiff performed its contractual duties in a good and workmanlike fashion, free of defect, completing its work by October 10, 2022, and at all times expecting prompt payment.

**51.**    Plaintiff sent to Eckardt invoices for its labor and materials on a weekly basis, net 60 days, with the understanding that Eckardt would include them in its monthly sworn pay applications for payment by the JV Defendants, who in turn would submit them to the Owner and/or Leaseholder for payment.

**52.**    Upon information and belief, Plaintiff's invoices were submitted upstream to the JV Defendants and to the Owner and/or Leaseholder through sworn applications for payment in order to cause the money to be paid out, however, Plaintiff has received nothing for the labor and materials associated with any of these invoices.

53.     Upon further information and belief, the JV Defendants are believed to have received some or all of the money earmarked for payment and associated with Plaintiff's invoices, but owing to disputes between the JV Defendants and Eckardt, not associated with Plaintiff's work, or the performance or quality of Plaintiff's work, the JV Defendants began refusing to release or to pay to Eckardt proceeds associated with its subcontractor's work, beginning with pay applications submitted in August 2022.

54.     Instead, after attesting to the work performed by Plaintiff and others, prompting some or all payment to them for this work at a time when they were withholding payment from Eckardt (and by extension Plaintiff), the JV Defendants have exercised dominion and control over these construction proceeds, converting these construction proceeds for their own benefit and use and in the repayment of losses incurred on the project and/or elsewhere, so that Plaintiff is left with nothing.

55.     Georgia Code Section 16-8-15(a) makes it a felony for a contractor to defraud others by using the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or service performed on or materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such labor, services, or materials remains unpaid. Georgia Code Section 16-8-15(b) provides that the failure to pay for material or labor furnished for such property improvements shall be prima-facie evidence of intent to defraud.

56.     Georgia Code Section 51-10-6 provides as follows: "[a]ny owner of personal property shall be authorized to bring a civil action to recover damages from any person who willfully damages the owner's personal property or who commits a theft as defined in Article 1 of Chapter 8 of Title 16 involving the owner's personal property."

57.     And, Georgia Code Section 51-1-6 provides as follows: "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

58.     As shown above, the JV Defendants are liable to Plaintiff for damages it has sustained by their unlawful action and breaches of duty to see that they were paid for the work the JV Defendants received all or a portion of payment. As such, and in order to avoid an unjust enrichment to and windfall in favor of these Defendants, a constructive trust in the amount of $250,935.95 USD should be established by the Court in favor of Plaintiff.

59.     Plaintiff further seeks recovery from the JV Defendants of all compensatory damages which have been proximately caused by their action which may include, in addition to the value of the personal property, any other loss sustained as a result of the willful damage or theft offense, in an amount to be shown at trial but not less than $250,935.95 USD.

60.     All conditions precedent to Plaintiff's recovery of damages as set forth herein have been waived, satisfied, performed or otherwise excused by Defendants.

### COUNT VI
### FORECLOSURE OF MATERIALMEN'S LIENS
(Owner and Leaseholder)

61.     All preceding statements and allegations of Plaintiff's Verified Complaint for Damages and Foreclosure of Lien not inconsistent with this Count, are incorporated and re-alleged as if expressly set forth herein.

62.     At all relevant times hereto, Defendant Grady Memorial Hospital Corporation has been the record owner of real property located at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303, according to the present numbering system in Fulton County, Georgia.

63.    Upon information and belief, Defendant Grady Cass, Inc. also possesses lienable rights in said Property through its written, long-term lease with the Owner of the Property through which it operates and manages a portion of the medical center.

64.    At the special instance and request of Eckardt as described above, Plaintiff furnished labor, services, equipment, and materials used in the improvements located on the Property.  Plaintiff has substantially complied with its contractual obligations.

65.    Between August 16 and October 7, 2023, and pursuant to its Contract, Plaintiff dutifully provided labor and materials which were used on and incorporated into the project and Property. Plaintiff performed its contractual duties in a good and workmanlike fashion, free of defect, completing its work by October 10, 2022, and at all times expecting prompt payment.

66.    Plaintiff received no security from any Defendant or any other person for the payment of its services; the property interests of both the Owner and Leaseholder benefit by these improvements; and the whole of the Property is required for the convenient use and occupation of the improvements made by Plaintiff.

67.    On January 5, 2023, Plaintiff timely filed two claims of lien in the Superior Court of Fulton County against the building, structure, improvements and premises or real estate of the Owner, and the property and leasehold interest of the Leaseholder in said Property. The Claims of Lien were recorded at Lien Book 5504, Pages 641-644, of the Fulton County Records, after Plaintiff completed its contract work and before the expiration of ninety (90) days after the date the work was completed.

68.    Plaintiff has fully complied with the notice requirements of O.C.G.A. §§ 44-14-361.1 by sending a copy of these Claims of Lien by certified mail to the owner of the property or the contractor, as the agent of the owner.

69.     Upon receipt of its Claims of Lien, no Defendant has provided a bond which could otherwise serve in place of or as security for the payment of Plaintiff's claims or liens. To the contrary, Defendants have disregarded Plaintiff's attempts to collect the monies it is owed, arguing that a notice of commencement of construction provides an absolute defense to this claim.  However, no such notice is recorded against the Property at issue or involving the project at issue, and other notices filed by the JV Defendants (associated with other projects and properties no less), were filed beyond thirty (30) days of construction and failed to properly and fully identify the owner(s) of those parcels such that they are defective and of no legal consequence.

70.     Plaintiff has and will perfect its interest in the Property by timely filing this action within one-year from the date such services, labor, supplies, or material were furnished.  And, Plaintiff will also file the Notice of Commencement of Lien Action, within thirty days of the filing of this action, as required by law, in a form substantially similar to that exhibit attached hereto as ***Exhibit 6***.

71.     As a result of the above, Plaintiff is entitled to a Special Lien against the Property in the principal amount owing for its work, plus interest and attorneys' fees and costs and Plaintiff is entitled to the issuance of an Order of this Court allowing it to foreclose upon said lien.

72.     Plaintiff has performed any and all other conditions precedent to the bringing of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wachter, Inc. respectfully requests a trial by jury of all issues so triable and that judgment be entered as follows:

**a.**  that Plaintiff be awarded damages against Eckardt in the amount of $250,935.95 USD, plus interest thereon at the rate of one and one-half percent (1½%) per month, eighteen percent (18%) per annum, until paid, pursuant to the allegations set forth in Counts I through III of this Complaint;

**b.**  that Plaintiff be awarded damages against Defendants, jointly and severally as the case may be, in the amount of $250,935.95 USD, plus interest thereon at the rate of one percent (1%) per month, twelve percent (12%) per annum, until paid, and costs of collection as all provided for in the Prompt Payment Act, pursuant to the allegations set forth in Count IV of this Complaint;

**c.**  that Plaintiff be awarded damages against the JV Defendants, jointly and severally, for all compensable damages arising from their conversion of not less than $250,935.95 USD of construction proceeds paid for Plaintiff's work, pursuant to the allegations set forth in Count V of this Complaint;

**d.**  that Plaintiff be awarded a special lien or liens against Defendant Grady Memorial Hospital Corporation and Grady Cass, Inc. in the amount of the judgment sought against the Property, as well as an Order providing for the foreclosure of the special lien or liens by public cry, pursuant to the allegations set forth in Count VI of this Complaint;

**d.**  that Plaintiff recover its reasonable costs and expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11; and

**e.**  that Plaintiff recover all further relief which this Court deems just and proper.

Respectfully submitted this 22nd day of August, 2023.

CULHANE MEADOWS, PLLC

Jeffrey Paul Lutz, Esq.
Georgia Bar No. 670646
G. Brian Raley, Esq.
Georgia Bar No. 592810

CM Litigation Support Center
13101 Preston Rd STE 110-1510
Dallas, Texas 75240
Main: (844) 285-4263
Email: jlutz@cm.law
Email: braley@cm.law

Attorneys for Plaintiff

# EXHIBIT 1

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

WACHTER, INC.,

    Plaintiff,

v.

**ECKARDT GROUP, LLC, GRADY**
**MEMORIAL HOSPITAL CORP.,**
**GRADY CASS, INC., H.J. RUSSELL &**
**COMPANY,** and **SKANSKA USA**
**BUILDING, INC.,**

    Defendants.

**CIVIL ACTION FILE NO.:**

_____

## VERIFICATION

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, came Phil Kennedy, who after being first duly sworn, affirms and attests that he is *sui juris* and otherwise fully competent to make this Verification, that he is authorized to do so on behalf of the corporate entity appearing as the Plaintiff in this action, that has read the foregoing Verified Complaint for Damages and Foreclosure of Special Lien, and that the allegations and factual information contained therein is true to the best of his knowledge, information and belief.

Phil Kennedy, Vice President

Sworn to and subscribed before me
this 21st day of August, 2023.

Notary Public

My commission expires: 2-2-2024



DEANNA VARNADOE
Notary Public, State of Kansas
My Appointment Expires
2-2-2026

# EXHIBIT 2

**eckardt**
GROUP

| | | | |
|---|---|---|---|
| **TO:** | Wachter, Inc | **SUBCONTRACT:** | 1178 |
| | 16001 WEST 99th STREET | **DATE:** | 8/15/2022 |
| | Lenexa, KS 66219 | **PRICE:** | $50,000.00 |
| **JOB #** | 20-31-0003 | | **NOT TO EXCEED** |
| **PROJECT:** | Grady CASS Construction | | |
| **LOCATION:** | 80 Jesse Hill Jr Dr SE | | |
| | Atlanta, GA 30303 | | |

The Contractor hereby gives the Subcontractor an order for, and the Subcontractor agrees to provide and perform at the above Project, the materials and work described below on the conditions stated below and on the reverse side hereof.

1. Furnish all labor, material, equipment and job clean-up of debris to perform all of the work at the above referenced facility in accordance with plans by .

2. All work to comply with landlord, building requirements and manual if available; local and state building codes, and job site communications by governing authorities. All business licenses, local and state sales and use taxes are included in the above price. No additional compensation shall be allowed for conditions increasing costs, which were not known by subcontractor when submitting proposal if the condition was obvious and could have been discovered by him had he visited the project and thoroughly informed himself of all existing conditions, which would affect his work.

3. **RETURN ORIGINAL COPY OF THIS SUBCONTRACT AGREEMENT ALONG WITH YOUR CERTIFICATE OF INSURANCE (Workman's Compensation, General Liability) PRIOR TO COMMENCING WORK. NO PAYMENTS WILL BE MADE WITHOUT COMPLIANCE. Certificate of Insurance must name Eckardt Group, L.L.C. as additional insured.** The Subcontractor shall hold harmless the Contractor, agents and employees of Contractors from and against claims, damages, losses and expenses, including but not limited to attorneys fees, arising out of or the resulting from performance of the work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the work itself), but only to the extent caused by the negligent acts or omissions of the Subcontractor, a sub-subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage loss or expense is caused in whole or part by a party indemnified herein. A copy of your County and other required licenses and a copy of your Permit, if required, must also be submitted to us. You will be paid in accordance with our billing to customer based on approved percentage of completion for work completed at time of our billing and this payment will be distributed upon receipt of funds from our customer. Contractor shall hold retainage in the amount of 10 percent until the completion of the entire job. All accepted changes to this Subcontract Agreement will be submitted to you on our Subcontractor Modification Form.

4. Turnover date to Owner is Unspecified. Please refer to Project Schedule attached herewith and made part of this Subcontract Agreement. If date cannot be complied with due to material delays, inform our office immediately. An adequate quantity of workmen is expected to perform the work within delivery date scheduled to the Owner. ~~If this cannot be complied with, or If you do not commence work when requested during regular hours, overtime hours are expected at your expense.~~ Any acceleration costs or other costs required due to your delays will be charged ~~against your contract.~~ Any delay caused directly or indirectly by Subcontractor will, at a minimum, subject Subcontractor to liquidated damages. In addition to such liquidated damages, which solely represent the amount Contractor may become liable to the Owner as a result of the delay caused by Subcontractor, Subcontractor will also be liable to Contractor for any other damages caused by such delay, including all direct and indirect costs incurred by Contractor, actual and consequential damages, including attorneys fees and costs, It is mandatory for each Subcontractor to have a representative at all inspections.   **PK SB**

5. YOUR WORK INCLUDES, BUT IS NOT LIMITED TO THE FOLLOWING:
   T&M   At overtime rate
   Provide low voltage technician at a rate of $65 per hour.
   Scope of work will be directed by Eckardt Group.
   Time Sheets to be approved by Luke Renfrow or Rich Clark with Eckardt Group.

6. Upon final payment, a sworn statement with a supporting waiver of lien from your material suppliers and/or Subcontractors must be furnished with your final waiver of lien. A sworn statement must be furnished to us listing major material suppliers and Subcontractors arid the amounts of their contracts, at the time of first payout. Interim payments require partial waivers with supporting material supplier's waivers in exchange for payment. Your payments are made in accordance with our interim draws to the Owner. This amount will be proportional to the amount Eckardt Group, L.L.C. receives for your specific scope of work. This may or may not conform to your billing to us. ~~Subcontractor agrees that no funds will be owed to the Subcontractor unless the Contractor is paid by the Owner. Subcontractor understands and agrees that payment to the Contractor from the Owner is a condition precedent to the General Contractors obligation to pay the Subcontractor.~~ The Subcontractor understands that it has legal recourse against the owner through the Mechanics Lien Laws or other legal procedures for Subcontractor's correct monies due. All fees and costs associated with the filing of any lien can not be included in the lien amount. Should a lawsuit be filed, the prevailing party in any such lawsuit shall be entitled to recover its legal costs incurred. Your payment is conditioned upon our payment from the Owner. Subcontractor shall not be entitled to interest and late fees on monies due from Eckardt Group, L.L.C. as a result of late payment from Eckardt Group, L.L.C.'s Client.   **PK SB**

7. Subcontract modification will be sent to you itemizing changes with prices, which gives you authorization to proceed. Your signature is not required as acceptance of the modification, but any discrepancies must be reported to our office immediately.

8. Any funds payable to the Subcontractor hereunder are hereby declared to constitute trust funds in the hands of the Subcontractor to be first applied to the payment of Subcontractors, laborers and materialmen and other costs of construction, pursuant to law. If subcontractors, laborers or materialmen go unpaid for work performed under a subcontractor's contract,

Eckardt Group, L.L.C. shall have the right to deduct the amount owed to the subcontractor, laborer or materialman. In addition, Eckardt Group, L.L.C. shall have the right to pay the party owed money directly if all efforts have been exhausted to obtain required final waivers directly from Eckardt Group, L.L.C.'s Subcontractor.

9. The total amount of the Subcontract Agreement includes all applicable taxes, insurance, delivery, supervision, overhead and profit.

10. All work and materials to be done and provided in accordance with the plans, specifications, and conditions at the building and must comply with all laws, ordinances, rules, regulations and requirements of Underwriter and all governing authorities having jurisdiction. Should there be any violations of the above rules, in any part of the work to be furnished under this order, Subcontractor, on accepting this order, must call the attention of the Contractor to this fact.

11. The Subcontractor will furnish all labor, ~~materials, tools, scaffolds, rigging, hoists, etc.~~ as required to carry on the work in the best and most expeditious manner and protect his and other work, unless otherwise specified. Subcontractor agrees to perform work in a safe and proper manner and hold the Contractor harmless against all penalties for violating governing ordinances and all claims or liability for damages to person or property suffered in manner whatsoever by reason of the work hereunder. **PK SB**

12. ~~Subcontractor will procure and pay for all necessary permits unless otherwise specified.~~ **PK**

13. Subcontractor shall commence and complete work and materials at such times as are required by the Contractor. Time is of the essence of this agreement. **SB**

14. Subcontractor shall not sub-contract, assign or delegate to others any portion of the work and materials or the proceeds of this contract without prior consent of the Contractor. Subcontractor agrees that the provisions set fort in paragraph 7 shall be imposed upon, assumed and performed by each of its Subcontractors and Sub-Subcontractors. In addition, any Sub-Subcontractors shall be required to carry the same Insurance coverage as that stated in item 15 below.

15. Prior to providing any work or materials, Subcontractor will obtain the following insurance & furnish the Contractor with certificate evidencing same showing Eckardt Group, L.L.C. as additional insured, covering the period the Subcontractor is performing hereunder, to wit:
    a) Workmen's Compensation Insurance in accordance with law and Employer's Liability with limit liability of $500,000.00
    b) Comprehensive General Liability Insurance Including the liability assumed under Paragraph 4 above (which includes the Contractor as named insured) with the following minimum limits of liability:
       Bodily injury — $1,000,000/$1,000,000 property damage — $1,000,000 each occurrence
    c) Comprehensive Automobile Liability insurance 'with Liability limits of:
       Bodily injury — $1,000,000/$1,000,000 property damage — $1,000,000 each person
    d) Excess Liability: Umbrella Policy —$1,000,000
    The above Insurance shall provide that the same may not be cancelled or changed without thirty (30) day prior notice to the Contractor by Certified Mail. In the event the Subcontractor fails to carry the insurance specified herein, the Contractor may obtain such insurance the cost shall be deducted from Subcontractors' contract. The contract consideration does not include, and the Subcontractor so warrants and represents, any amount for insurance other than stated above.

16. Subcontractor agrees that all work performed, material and equipment furnished by Subcontractor under this contract or any supplemental, additional or other contract (verbal or written) will conform to the drawings and specifications, as herein before provided, as to kind, quality, function of equipment and characteristics of material and workmanship and will remain so for a period, guaranty period, of one year from date of (a) completion of the entire project, (b) making of final payment to: Contractor to Subcontractor, (c) the Issuance of a final certificate of occupancy, whichever applies or such longer period as may be provided in the specifications, or any guaranty or other writing. Subcontractor hereby agrees at Subcontractor's expense, immediately upon notice from Contractor or its respective successors and assigns, to correct, repair, and make good any work, materials and equipment furnished by the
Subcontractor under this contract. All rights acquired by the Contractor through guarantees of the Subcontractor, as well as any other rights inuring to the benefit of or acquired by the Contractor and its successors and assigns.

17. Subcontractor will daily clean his debris from jobsite and load in dumpster provided by General Contractor. In the event that Subcontractor fails to maintain clean jobsite, the Contractor may obtain such forces as may be necessary and charge to the Subcontractor the amount of $350.00 per day,

18. PROSECUTION OF WORK: Should the Subcontractor fail to prosecute the work properly and with due diligence, become insolvent, or fail to perform any of the provisions of this agreement when required, the Contractor upon one (1) day's written or oral notice to the Subcontractor, may make good the deficiencies arid charge the Subcontractor therefore, or may terminate this contract, and at no cost or expense to the General Contractor, take possession of the tools, materials and equipment owned or controlled by the Subcontractor and use the same to complete the work. All expenses of completion shall be deducted from the unpaid balance due or to become due to the Subcontractor hereunder. If the expense of completion shall exceed such unpaid balance the Subcontractor shall be liable to the Contractor for the difference. Eckardt Group, L.L.C. can withhold monies due Subcontractor under this Agreement to satisfy claims of Eckardt Group, L.L.C. against Subcontractor arising out of this or any other Agreement.

19. DEFAULT BY SUBCONTRACTOR: Subcontractor agrees to pay Contractor all of Contractor's costs of enforcement of this Agreement, including reasonable attorney fees incurred as a result of dispute between Subcontractor and General Contractor.

20. If the Subcontractor does not sign this Subcontract Agreement, or does not notify us in writing of any discrepancies on this Subcontract Agreement, and any work is performed this Subcontract Agreement is accepted in its entirety.

ACCEPTED: _Phil Kennedy (signature)_                    Eckardt Group, L.L.C.

BY: _Phil Kennedy_          DATE: 8/15/2022              BY: _____ DATE: **8/16/2022**
Vice President, Wachter, Inc.                               **VP of Construction**

**Approved SAB**
08/15/2022 9:04:17 AM



Eckardt Group LLC
2970 Brandywine Road
Suite 100
Atlanta, GA 30341
(770) 458-3155

# Change Order

| To | Wachter, Inc | | Order # | 1178-1 |
|---|---|---|---|---|
| | 16001 WEST 99th STREET | | Date | 9/8/2022 |
| | Lenexa, KS 66219 | | Project | Grady CASS Construction |

Amended Agreement – Purchase Orders as Follows:

| RFC # | | Value | Notes |
|---|---|---|---|
| 1 | Add | $50,000.00 | Additional Labor |

This change order becomes an integral part of the subcontract-purchase order, all other terms, conditions and stipulations remaining in full force and effect and applying hereto.

| Original Contract Amount | | $50,000.00 |
|---|---|---|
| Previously Approved Change Orders | Add | $0.00 |
| Previous Contract Amount | | $50,000.00 |
| Amount This Change Order | Add | $50,000.00 |
| Revised Total Amount | | $100,000.00 |

Please sign & return for our records.

Eckardt Group LLC:                      Wachter, Inc:

_____                _____ VP
(Authorized signature)                  (Authorized signature – title)

**Approved SAB**
09/08/2022 4:07:57 PM



Eckardt Group LLC
2970 Brandywine Road
Suite 100
Atlanta, GA 30341
(770) 458-3155

# Change Order

| To | Wachter, Inc |
|---|---|
| | 16001 WEST 99th STREET |
| | Lenexa, KS 66219 |

| Order # | 1178-2 |
|---|---|
| Date | 9/15/2022 |
| Project | Grady CASS Construction |

Amended Agreement – Purchase Orders as Follows:

| RFC # | Value | Notes |
|---|---|---|
| 2 | Add $250,000.00 | Additional T&M Services at Grady Cass |

This change order becomes an integral part of the subcontract-purchase order, all other terms, conditions and stipulations remaining in full force and effect and applying hereto.

| | | |
|---|---|---|
| Original Contract Amount | | $50,000.00 |
| Previously Approved Change Orders | Add | $50,000.00 |
| Previous Contract Amount | | $100,000.00 |
| Amount This Change Order | Add | $250,000.00 |
| Revised Total Amount | | $350,000.00 |

Please sign & return for our records.

Eckardt Group LLC:

_____
(Authorized signature)

Wachter, Inc:

(Authorized signature – title)

**Approved SAB**
09/16/2022 12:39:59 PM

# EXHIBIT 3

# Wachter

16001 W 99th Street Lenexa,
KS  66219

Phone:  (913) 541-2500

Fax:      (913) 541-2529

**Please remit to:**

**PO Box 801711
KANSAS CITY, MO
64180**

# Invoice

| | |
|---|---|
| Invoice number: | 1022284 |
| Invoice date: | 8/24/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

| **To:** Eckardt Group LLC | **Site:** **Grady Memorial Hospital - Atlanta** |
|---|---|
| 3690 N. Peachtree Rd<br>Atlanta, GA 30341 | 80 Jesse Hill Jr Dr SE<br>Atlanta, GA 30303 |
| | Customer PO:  1178 |
| **Attn:** | |

Services for period ending 8/21/2022

Billing for 8/15-8/21 labor only

| | |
|---|---|
| LABOR | 7,653.75 |
| Subtotal | 7,653.75 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$7,653.75** |

**Wachter, Inc.**                                    Atlanta, GA

# Wachter

16001 W 99th Street Lenexa,
KS  66219

Phone:  (913) 541-2500

Fax:     (913) 541-2529

**Please remit to:**

**PO Box 801711
KANSAS CITY, MO
64180**

# Invoice

| | |
|---|---|
| Invoice number: | 1022980 |
| Invoice date: | 8/31/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

**To:  Eckardt Group LLC**

3690 N. Peachtree Rd
Atlanta, GA 30341

**Attn:**

**Site:   Grady Memorial Hospital - Atlanta**

80 Jesse Hill Jr Dr SE
Atlanta, GA 30303

Customer PO:   1178

Services for period ending 8/26/2022

Billing for 8/22-8/26 labor only.
Parking for 8/15-8/26

ST - $65.00
OT - $97.50

Dwight Allen – 6.5 ST
Willie Bass – 40 ST, 6.5 OT
Steven Alston – 40 ST
Richard Clawson – 17.5 ST
Patrice Smith – 38 ST
Dwayne Smith – 40 ST, 2 OT
Brent Cooper – 5.5 ST

| | |
|---|---:|
| LABOR - Labor OT | 828.75 |
| LABOR - Labor ST | 13,910.00 |
| JOB MISC TRAVEL EXP - Parking | 1,050.00 |
| Subtotal | 15,788.75 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$15,788.75** |

**Wachter, Inc.**                                         Atlanta, GA

# Wachter

16001 W 99th Street Lenexa,
KS  66219

Phone:  (913) 541-2500

Fax:     (913) 541-2529

**Please remit to:**

**PO Box 801711
KANSAS CITY, MO
64180**

# Invoice

| | |
|---|---|
| Invoice number: | 1023658 |
| Invoice date: | 9/8/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

| | |
|---|---|
| **To:  Eckardt Group LLC** | **Site:  Grady Memorial Hospital - Atlanta** |
| 3690 N. Peachtree Rd<br>Atlanta, GA 30341 | 80 Jesse Hill Jr Dr SE<br>Atlanta, GA 30303 |
| | Customer PO:   1178 |
| **Attn:** | |

Services for period ending 9/2/2022

Billing for 8/29-9/2 labor only.
Parking for 36

ST - $65.00
OT - $97.50

Dwight Allen – 25.5 ST
Willie Bass – 37.5 ST, 8 OT, Parking 5
Steven Alston – 40 ST, 8.5 OT, Parking 5
Richard Clawson – 28.25 ST, Parking 4
Oliver Edwards - 28.5 STT, Parking 3
Patrice Smith – 39 ST, Parking 4
Dwayne Smith - 38 ST, Parking 5
Jacob Green - 27 ST, Parking 3
Jerry Ellis - 16.6 ST, Parking 2
Jefferson James-Henderson - 40 ST, 1 OT, Parking 5
Brent Cooper –

| | |
|---|---|
| LABOR - Labor OT | 1,706.25 |
| LABOR - Labor ST | 20,822.75 |
| JOB MISC TRAVEL EXP - Parking | 900.00 |
| Subtotal | 23,429.00 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$23,429.00** |

**Wachter, Inc.**                          Atlanta, GA

# Wachter

16001 W 99th Street Lenexa,
KS  66219

Phone:  (913) 541-2500

Fax:      (913) 541-2529

**Please remit to:**

**PO Box 801711
KANSAS CITY, MO
64180**

# Invoice

| | |
|---|---|
| Invoice number: | 1025283 |
| Invoice date: | 9/22/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

**To:  Eckardt Group LLC**

3690 N. Peachtree Rd
Atlanta, GA 30341

**Attn:**

**Site:  Grady Memorial Hospital - Atlanta**

80 Jesse Hill Jr Dr SE
Atlanta, GA 30303

Customer PO:   1178

---

Services for period ending 9/11/2022


Billing for 9/5-9/11 labor only
Parking for 51 @ $25
Per Diem for 45 @ $180
Flights, Rental Car or Mileage @ Cost+10%

ST - $65.00
OT - $97.50

Dwight Allen – 9.25 ST, 9.25 OT Parking 1
Willie Bass – 40 ST, 7.5 OT, Parking 5
Steven Alston – 40 ST, 7 OT, Parking 5
Richard Clawson – 7.75 ST, Parking 1
Oliver Edwards - 40 ST, 7 OT Parking 5
Patrice Smith – 40 ST, 6.5 OT Parking 5
Dwayne Smith - 7.5 ST, 4.5 OT Parking 2
Jacob Green - 35.75 ST, Parking 4
Jerry Ellis - 28.95 ST, Parking 4
Jefferson James-Henderson - 30.25 ST, Parking 4
Brent Cooper –
Nash Bullock - 3.5 ST, 3 OT Parking 1
~Out of Town Technicians~
Lee Munn -  35.25 ST, .25 OT, Parking 4, Per Diem 7, Travel 4.75 ST, $184.80 Mileage
Xerian Keys - 34.5 ST, 9.5 OT, Parking 5, Per Diem 7, Travel 5.5 ST, $231.62 Mileage
Blake Davenport - 29 ST, 18 OT, Parking 5, Per Diem 7, Travel 11 ST, $470.62 Mileage
Bernard Riley - 34 ST, 13 OT, Per Diem 7, Travel 6 ST, $770.10 Flight
Jerrod Troyer - 33.5 ST, 6 OT, Per Diem 7, Travel 6.5 ST, $964.20 Flight
Andrew Trujillo - 34 ST, 13 OT, Per Diem 7, Travel 6 ST, $796.98 Flight
Kasen Andrews - Travel 12 ST, Per Diem 1, $990.00 Flight
Bryce Andrews - Travel 12 ST, Per Diem 1, $990.00 Flight
Christopher Brandon - Travel 12 ST, Per Diem 1, $695.56 Rental Car

| | |
|---|---|
| LABOR - Labor OT | 10,140.00 |
| LABOR - Labor ST | 31,554.25 |
| LABOR - Travel ST | 4,923.75 |
| JOB MISC TRAVEL EXP - Flights / Mileage | 6,094.61 |

| | |
|---|---:|
| JOB MISC TRAVEL EXP - Parking | 1,275.00 |
| PER DIEM - LODGING - Per Diem | 8,100.00 |
| Subtotal | 62,087.61 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$62,087.61** |

**Wachter, Inc.**                              Atlanta, GA

# Wachter

16001 W 99th Street Lenexa,
KS  66219

Phone: (913) 541-2500

Fax:     (913) 541-2529

*Please remit to:*

**PO Box 801711**
**KANSAS CITY, MO**
**64180**

# Invoice

| | |
|---|---|
| Invoice number: | 1025303 |
| Invoice date: | 9/22/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

| | |
|---|---|
| **To:  Eckardt Group LLC** | **Site:  Grady Memorial Hospital - Atlanta** |
| 3690 N. Peachtree Rd<br>Atlanta, GA 30341 | 80 Jesse Hill Jr Dr SE<br>Atlanta, GA 30303 |
| | Customer PO:   1178 |
| **Attn:** | |

Services for period ending 9/17/2022

Billing for 9/12-9/17 labor only
Parking for 63 @ $25
Per Diem for 56 @ $180

ST - $65.00
OT - $97.50

Dwight Allen – 27.75 ST
Willie Bass – 40 ST, 18.25 OT, Parking 6
Steven Alston – 40 ST, 17 OT, Parking 6
Richard Clawson – 38.75 ST, Parking 5
Oliver Edwards - 40 ST, 17 OT, Parking 6
Patrice Smith – 8.5 ST, 12.5 OT Parking 3
Dwayne Smith - 20.25 ST, 8 OT Parking 4
Jacob Green - 32.75 ST, Parking 4
Jerry Ellis - 32.25 ST, 5.25 OT Parking 5
Jefferson James-Henderson - 27 ST, Parking 4
Brent Cooper – 8.5 OT, Parking 1
Nash Bullock -
Dontae Petty - 6.75 ST, Parking 1
~Out of Town Technicians~
Lee Munn -  40 ST, 5.5 OT, Parking 5, Per Diem 7
Xerian Keys - 5.5 ST, Parking 2, Per Diem 7, Travel 6 ST, $231.62 Mileage
Blake Davenport - 40 ST, 7 OT, Parking 5, Per Diem 7
Bernard Riley - 40 ST, 16 OT, Per Diem 7
Jerrod Troyer - 30 ST, Per Diem 5, Travel 7 ST
Andrew Trujillo - 40 ST, 18 OT, Per Diem 7
Kasen Andrews - 40 ST, 13.25 OT, Per Diem 7
Bryce Andrews - 40 ST, 5.75 OT, Per Diem 7
Christopher Brandon - 40 ST, 15 OT, Per Diem 7

| | |
|---|---|
| LABOR - Labor OT | 16,282.50 |
| LABOR - Labor ST | 40,933.75 |
| LABOR - Travel ST | 845.00 |
| JOB MISC TRAVEL EXP - Mileage | 231.62 |
| JOB MISC TRAVEL EXP - Parking | 1,575.00 |

| | |
|---|---|
| PER DIEM - LODGING - Per Diem | 10,080.00 |
| Subtotal | 69,947.87 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$69,947.87** |

**Wachter, Inc.**                                    Atlanta, GA

# Wachter

**Please remit to:**

# Invoice

16001 W 99th Street Lenexa,
KS  66219

**PO Box 801711
KANSAS CITY, MO
64180**

| | |
|---|---|
| Invoice number: | 1026627 |
| Invoice date: | 10/5/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

Phone:  (913) 541-2500

Fax:      (913) 541-2529

| | |
|---|---|
| **To:  Eckardt Group LLC** | **Site:  Grady Memorial Hospital - Atlanta** |
| 3690 N. Peachtree Rd<br>Atlanta, GA 30341 | 80 Jesse Hill Jr Dr SE<br>Atlanta, GA 30303 |
| | Customer PO:   1178 |
| **Attn:** | |

<u>Services for period ending 9/24/2022</u>

Billing for 9/19-9/24 labor only
Parking for 47 @ $25
Per Diem for 28 @ $180

ST - $65.00
OT - $97.50

Dwight Allen –
Willie Bass – 36.25 ST, 13.5 OT, Parking 6
Steven Alston – 40 ST, 14 OT, Parking 6
Richard Clawson – 18.5 ST, Parking 3
Oliver Edwards - 40 ST, 14 OT,
Dwayne Smith - 8.25 ST, Parking 1
Jacob Green - 39 ST, 5.5 OT Parking 5
Jerry Ellis - 29 ST, Parking 5
Jefferson James-Henderson - 40 ST, Parking 5
~Out of Town Technicians~
Lee Munn -  30 ST, Parking 3, Per Diem 4, Travel 4.75 ST, $184.80 Mileage
Blake Davenport - 25.75 ST, Parking 3, Per Diem 4, Travel 12 ST, $597.52 Mileage
Bernard Riley - 30 ST, Per Diem 4, Travel 7.5 ST, $77 Baggage
Andrew Trujillo - 30 ST, Per Diem 4, Travel 6 ST, $77 Baggage
Kasen Andrews - 26.25 ST, Parking 3, Per Diem 4, Travel 1.75 ST, $123.20 Mileage
Bryce Andrews - 26.25 ST, Parking 3, Per Diem 4, Travel 1.75 ST, $123.20 Mileage
Christopher Brandon - 26 ST, Parking 3, Per Diem 4, Travel 12 ST

| | |
|---|---|
| LABOR - Labor OT | 4,582.50 |
| LABOR - Labor ST | 28,941.25 |
| LABOR - Travel ST | 2,973.75 |
| JOB MISC TRAVEL EXP - Mileage/<br>Baggage | 1,182.72 |
| JOB MISC TRAVEL EXP - Parking | 1,175.00 |

| | |
|---|---:|
| PER DIEM - LODGING - Per Diem | 5,040.00 |
| Subtotal | 43,895.22 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$43,895.22** |

**Wachter, Inc.**                                    Atlanta, GA

# Wachter

16001 W 99th Street Lenexa,
KS  66219

Phone:  (913) 541-2500

Fax:     (913) 541-2529

**Please remit to:**

**PO Box 801711
KANSAS CITY, MO
64180**

# Invoice

| | |
|---|---|
| Invoice number: | 1026628 |
| Invoice date: | 10/5/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

| | |
|---|---|
| **To:  Eckardt Group LLC** | **Site:  Grady Memorial Hospital - Atlanta** |
| 3690 N. Peachtree Rd<br>Atlanta, GA 30341 | 80 Jesse Hill Jr Dr SE<br>Atlanta, GA 30303 |
| | Customer PO:   1178 |
| **Attn:** | |

Services for period ending 10/1/2022

Billing for 9/26-10/1 labor only
Parking for 29 @ $25

ST - $65.00
OT - $97.50

Dwight Allen –
Willie Bass – 40 ST, 19 OT, Parking 6
Steven Alston – 9 ST, Parking 1
Richard Clawson – 7.75 ST, Parking 1
Oliver Edwards - 9 ST,
Dwayne Smith - 22 ST, Parking 3
Jacob Green - 40 ST, 7.75 OT Parking 6
Jerry Ellis - 39.75 ST, Parking 6
Jefferson James-Henderson - 40 ST, 1 OT Parking 6

| | |
|---|---|
| LABOR - Labor OT | 3,217.50 |
| LABOR - Labor ST | 13,487.50 |
| JOB MISC TRAVEL EXP - Parking | 725.00 |
| Subtotal | 17,430.00 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$17,430.00** |

**Wachter, Inc.**                    Atlanta, GA

# Wachter

# Invoice

16001 W 99th Street Lenexa,
KS  66219

Phone:  (913) 541-2500

Fax:     (913) 541-2529

**Please remit to:**

**PO Box 801711**
**KANSAS CITY, MO**
**64180**

| | |
|---|---|
| Invoice number: | 1028197 |
| Invoice date: | 10/21/2022 |
| Job number: | 49335.99999 |
| Terms: | PWP/Net 60 Days |

**To:  Eckardt Group LLC**

3690 N. Peachtree Rd
Atlanta, GA 30341

**Attn:**

**Site:   Grady Memorial Hospital - Atlanta**

80 Jesse Hill Jr Dr SE
Atlanta, GA 30303

Customer PO:   1178

Services for period ending 10/7/2022

Billing for 10/3-10-7 labor only
Parking for 18 @ $25

ST - $65.00
OT - $97.50

Dwight Allen – 14 ST
Willie Bass – 40 ST, 6.5 OT, Parking 5
Jacob Green - 37.75 ST, Parking 5
Jerry Ellis - 27 ST, Parking 4
Jefferson James-Henderson - 29.25 ST, Parking 4

| | |
|---|---|
| LABOR - Labor OT | 633.75 |
| LABOR - Labor ST | 9,620.00 |
| JOB MISC TRAVEL EXP - Parking | 450.00 |
| Subtotal | 10,703.75 |
| Sales Tax | 0.00 |
| **Total this invoice** | **$10,703.75** |

**Wachter, Inc.**                                        Atlanta, GA

# EXHIBIT 4

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*Culhane Meadows PLLC*
*1624 Frederica Road STE 5B*
*St. Simons Island, Georgia 31522*

Lien #2023-0002474
Filed and Recorded 01/05/2023 03:00:00 PM
2023-0002474
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 1513298525

## CLAIM OF LIEN

**STATE OF GEORGIA**
**COUNTY OF FULTON**

WACHTER, INC., a mechanic, contractor, subcontractor, materialman, machinist, manufacturer, registered architect, registered forester, registered land surveyor, registered professional engineer, registered interior designer, or other person (as the case may be) claims a lien in the amount of TWO HUNDRED FIFTY THOUSAND NINE HUNDRED THIRTY-FIVE AND 95/100THS DOLLARS ($250,935.95 USD) on the building, house, factory, mill, machinery, or railroad (as the case may be) and the premises or real estate on which it is erected or built, of GRADY MEMORIAL HOSPITAL CORPORATION located at 80 JESSE HILL JR. DRIVE SE, ATLANTA, GEORGIA 30303, according to the present numbering system in Fulton County, Georgia, and which is may more particularly described in Exhibit "A" hereto, for satisfaction of a claim which became due after OCTOBER 7, 2022 (which is the same as the last date the labor, services, or materials were supplied to the premises) for building, repairing, improving, or furnishing material (or whatever the claim may be).

Submitted this 5th day of January, 2023.

WACHTER, INC.

Jeffrey Paul Lutz, Esq. for Claimant

**NOTICE:  This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period.  If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.**

CATHELENE ROBINSON
Clerk of Superior Court

Deed Book 62785 Page 700
Cathelene Robinson
Clerk of Superior Court

## EXHIBIT A

### LEGAL DESCRIPTION

All that tract or parcel of land lying and being in Land Lot 52 of the 17th Land District, City of Atlanta, Fulton County, Georgia, said tract or parcel of land being more fully shown on a plat of survey prepared by Valentino & Associates, Inc. (Job #17-054; Drawing/File #17-054-LC), bearing the seal of Glenn A. Valentino, Ga. Registered Land Surveyor #2528, and being more particularly described, with bearings relative to Grid North, Georgia West Zone, as follows:

BEGINNING at a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w) and the northeasterly right-of-way line of Gilmer Street (apparent 60' public r/w).

THENCE proceeding along said northeasterly right-of-way line of Gilmer Street North 48 degrees 23 minutes 30 seconds West for a distance of 402.87 feet to a PK (masonry) nail found at the intersection of said northeasterly right-of-way line of Gilmer Street and the southeasterly right-of-way line of Piedmont Avenue (variable width public r/w);

THENCE proceeding along said southeasterly right-of-way line of Piedmont Avenue the following courses and distances, North 40 degrees 58 minutes 01 seconds East for a distance of 195.09 feet to a PK nail found;

THENCE North 41 degrees 09 minutes 29 seconds East for a distance of 203.15 feet to a PK nail set at the intersection of the southeasterly right-of-way line of Piedmont Avenue and the southwesterly right-of-way line of Armstrong Street (apparent 60' public r/w);

THENCE proceeding along said southwesterly right-of-way line of Armstrong Street South 48 degrees 51 minutes 57 seconds East for a distance of 405.50 feet to a PK nail found at the intersection of the southwesterly right-of-way line of Armstrong Street and the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w);

THENCE proceeding along said northwesterly right-of-way line of Jesse Hill, Jr. Drive the following courses and distances, South 41 degrees 26 minutes 29 seconds West for a distance of 197.35 feet to a PK nail set (said PK nail set being witnessed by a 1/2" rebar found 0.90 feet northwest thereof);

THENCE South 41 degrees 26 minutes 29 seconds West for a distance of 204.23 feet to a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive and the northeasterly right-of-way line of Gilmer Street, said 5/8" rebar found being the POINT OF BEGINNING.

Said tract or parcel of land contains 3.712 acres or 161,702 square feet.

4

LEGAL02/40127260v1

**NOTICE: This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period. If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.**

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*Culhane Meadows PLLC*
*1624 Frederica Road STE 5B*
*St. Simons Island, Georgia 31522*

Lien Book 5504 Page 643
Filed and Recorded 01/05/2023 03:03:00 PM
2023-0002477
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 1513298525

## CLAIM OF LIEN

**STATE OF GEORGIA**
**COUNTY OF FULTON**

WACHTER, INC., a mechanic, contractor, subcontractor, materialman, machinist, manufacturer, registered architect, registered forester, registered land surveyor, registered professional engineer, registered interior designer, or other person (as the case may be) claims a lien in the amount of TWO HUNDRED FIFTY THOUSAND NINE HUNDRED THIRTY-FIVE AND 95/100THS DOLLARS ($250,935.95 USD) on the leasehold and all other property interests pertaining to building, house, factory, mill, machinery, or railroad (as the case may be) and the premises or real estate on which it is erected or built, of GRADY CASS, INC. located at 80 JESSE HILL JR. DRIVE SE, ATLANTA, GEORGIA 30303, according to the present numbering system in Fulton County, Georgia, and which is may more particularly described in Exhibit "A" hereto, for satisfaction of a claim which became due after OCTOBER 7, 2022 (which is the same as the last date the labor, services, or materials were supplied to the premises) for building, repairing, improving, or furnishing material (or whatever the claim may be).

Submitted this 5th day of January, 2023.

WACHTER, INC.

Jeffrey Paul Lutz, Esq. for Claimant

**NOTICE:  This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period.  If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.**

**EXHIBIT A**

**LEGAL DESCRIPTION**

All that tract or parcel of land lying and being in Land Lot 52 of the 17th Land District, City of Atlanta, Fulton County, Georgia, said tract or parcel of land being more fully shown on a plat of survey prepared by Valentino & Associates, Inc. (Job #17-054; Drawing/File #17-054-LC), bearing the seal of Glenn A. Valentino, Ga. Registered Land Surveyor #2528, and being more particularly described, with bearings relative to Grid North, Georgia West Zone, as follows:

BEGINNING at a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w) and the northeasterly right-of-way line of Gilmer Street (apparent 60' public r/w.).

THENCE proceeding along said northeasterly right-of-way line of Gilmer Street North 48 degrees 23 minutes 30 seconds West for a distance of 402.87 feet to a PK (masonry) nail found at the intersection of said northeasterly right-of-way line of Gilmer Street and the southeasterly right-of-way line of Piedmont Avenue (variable width public r/w);

THENCE proceeding along said southeasterly right-of-way line of Piedmont Avenue the following courses and distances, North 40 degrees 58 minutes 01 seconds East for a distance of 195.09 feet to a PK nail found;

THENCE North 41 degrees 09 minutes 29 seconds East for a distance of 203.15 feet to a PK nail set at the intersection of the southeasterly right-of-way line of Piedmont Avenue and the southwesterly right-of-way line of Armstrong Street (apparent 60' public r/w);

THENCE proceeding along said southwesterly right-of-way line of Armstrong Street South 48 degrees 51 minutes 57 seconds East for a distance of 405.50 feet to a PK nail found at the intersection of the southwesterly right-of-way line of Armstrong Street and the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w);

THENCE proceeding along said northwesterly right-of-way line of Jesse Hill, Jr. Drive the following courses and distances, South 41 degrees 26 minutes 29 seconds West for a distance of 197.35 feet to a PK nail set (said PK nail set being witnessed by a 1/2" rebar found 0.90 feet northwest thereof);

THENCE South 41 degrees 26 minutes 29 seconds West for a distance of 204.23 feet to a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive and the northeasterly right-of-way line of Gilmer Street, said 5/8" rebar found being the POINT OF BEGINNING.

Said tract or parcel of land contains 3.712 acres or 161,702 square feet.

4

LEGAL02/40127260v1

**NOTICE:** **This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period.  If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.**

# EXHIBIT 5

**CULHANE MEADOWS** PLLC

JEFFREY PAUL LUTZ, ESQ.
CM Litigation Support Center
13101 Preston Rd STE 110-1510
Dallas, Texas 75240-5237
Direct Dial: 404-606-1650
Email: jlutz@cm.law

January 5, 2023

**_Via Certified Mail,_**
**_Return Receipt Requested_**
Grady Memorial Hospital Corporation
c/o Timothy Jefferson, R.A.
80 Jesse Hill Jr. Drive SE
Atlanta, Georgia 30303

      **Re:**   **_Notice of Filing Claim of Lien_**

Dear Mr. Jefferson:

     Pursuant to O.C.G.A. § 44-14-361.1(a)(2), this letter and the attached Claim of Lien serve as notice of the attachment of a materialmen's lien to a property owned by Grady Memorial Hospital Corporation at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303 (the "Project"), for the satisfaction of a debt owed to Wachter, Inc. ("Claimant") for repairing, improving, and the furnishing of labor, material and services on the Project at the direction of Eckerdt Group, LLC. As shown on the face of the lien, the Claimant is currently owed $250,935.95 USD and this debt continues to accrue interest at the rate of eighteen percent (18%) per annum forward.  Please be advised that if this debt is not paid, Claimant will bring suit to foreclose this lien within the time periods set forth in O.C.G.A. §§ 44-14-360 et seq.

     Along with this correspondence, we have included for your records a true and accurate copy of the Claim of Lien, which was recorded in the property records of the Superior Court of Fulton County, Georgia.

               Very truly yours,

               **CULHANE MEADOWS, PLLC**

               *Jeffrey P. Lutz*

               Jeffrey Paul Lutz, Esq.
               Attorneys for Claimant

JPL/NA
Enclosure
Cc:   Wachter, Inc.

       For Return Mailing or Service:
       Jeffrey Paul Lutz, Esq.
       Culhane Meadows, PLLC
       1624 Frederica Road Ste 5B
       St. Simons Island, Georgia 31522

Lien 2023-0002474
Filed and Recorded 01/05/2023 03:00:00 PM
2023-0002474
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 1513298525

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*Culhane Meadows PLLC*
*1624 Frederica Road STE 5B*
*St. Simons Island, Georgia 31522*

## CLAIM OF LIEN

**STATE OF GEORGIA**
**COUNTY OF FULTON**

WACHTER, INC., a mechanic, contractor, subcontractor, materialman, machinist, manufacturer, registered architect, registered forester, registered land surveyor, registered professional engineer, registered interior designer, or other person (as the case may be) claims a lien in the amount of TWO HUNDRED FIFTY THOUSAND NINE HUNDRED THIRTY-FIVE AND 95/100THS DOLLARS ($250,935.95 USD) on the building, house, factory, mill, machinery, or railroad (as the case may be) and the premises or real estate on which it is erected or built, of GRADY MEMORIAL HOSPITAL CORPORATION located at 80 JESSE HILL JR. DRIVE SE, ATLANTA, GEORGIA 30303, according to the present numbering system in Fulton County, Georgia, and which is may more particularly described in Exhibit "A" hereto, for satisfaction of a claim which became due after OCTOBER 7, 2022 (which is the same as the last date the labor, services, or materials were supplied to the premises) for building, repairing, improving, or furnishing material (or whatever the claim may be).

Submitted this 5th day of January, 2023.

WACHTER, INC.

Jeffrey Paul Lutz, Esq. for Claimant

**NOTICE:** This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period. If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.

CATHELENE ROBINSON
Clerk of Superior Court

Deed Book 62785 Page 700
Cathelene Robinson
Clerk of Superior Court

**EXHIBIT A**

**LEGAL DESCRIPTION**

All that tract or parcel of land lying and being in Land Lot 52 of the 17th Land District, City of Atlanta, Fulton County, Georgia, said tract or parcel of land being more fully shown on a plat of survey prepared by Valentino & Associates, Inc. (Job #17-054; Drawing/File #17-054-LC), bearing the seal of Glenn A. Valentino, Ga. Registered Land Surveyor #2528, and being more particularly described, with bearings relative to Grid North, Georgia West Zone, as follows:

BEGINNING at a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w) and the northeasterly right-of-way line of Gilmer Street (apparent 60' public r/w).

THENCE proceeding along said northeasterly right-of-way line of Gilmer Street North 48 degrees 23 minutes 30 seconds West for a distance of 402.87 feet to a PK (masonry) nail found at the intersection of said northeasterly right-of-way line of Gilmer Street and the southeasterly right-of-way line of Piedmont Avenue (variable width public r/w);

THENCE proceeding along said southeasterly right-of-way line of Piedmont Avenue the following courses and distances, North 40 degrees 58 minutes 01 seconds East for a distance of 195.09 feet to a PK nail found;

THENCE North 41 degrees 09 minutes 29 seconds East for a distance of 203.15 feet to a PK nail set at the intersection of the southeasterly right-of-way line of Piedmont Avenue and the southwesterly right-of-way line of Armstrong Street (apparent 60' public r/w);

THENCE proceeding along said southwesterly right-of-way line of Armstrong Street South 48 degrees 51 minutes 57 seconds East for a distance of 405.50 feet to a PK nail found at the intersection of the southwesterly right-of-way line of Armstrong Street and the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w);

THENCE proceeding along said northwesterly right-of-way line of Jesse Hill, Jr. Drive the following courses and distances, South 41 degrees 26 minutes 29 seconds West for a distance of 197.35 feet to a PK nail set (said PK nail set being witnessed by a 1/2" rebar found 0.90 feet northwest thereof);

THENCE South 41 degrees 26 minutes 29 seconds West for a distance of 204.23 feet to a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive and the northeasterly right-of-way line of Gilmer Street, said 5/8" rebar found being the POINT OF BEGINNING.

Said tract or parcel of land contains 3.712 acres or 161,702 square feet.

4

LEGAL02/40127260v1

**NOTICE:  This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period.  If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.**

# CULHANE
# MEADOWS
**PLLC**

JEFFREY PAUL LUTZ, ESQ.
CM Litigation Support Center
13101 Preston Rd STE 110-1510
Dallas, Texas 75240-5237
Direct Dial: 404-606-1650
Email: jlutz@cm.law

January 5, 2023

**_Via Certified Mail,_**
**_Return Receipt Requested_**
Grady CASS, Inc.
c/o Timothy Jefferson, R.A.
80 Jesse Hill Jr. Drive SE
Atlanta, Georgia 30303

Re:    **_Notice of Filing Claim of Lien_**

Dear Mr. Jefferson:

Pursuant to O.C.G.A. § 44-14-361.1(a)(2), this letter and the attached Claim of Lien serve as notice of the attachment of a materialmen's lien to a property owned or leased to Grady Cass, Inc. at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303 (the "Project"), for the satisfaction of a debt owed to Wachter, Inc. ("Claimant") for repairing, improving, and the furnishing of labor, material and services on the Project at the direction of Eckerdt Group, LLC.  As shown on the face of the lien, the Claimant is currently owed $250,935.95 USD and this debt continues to accrue interest at the rate of eighteen percent (18%) per annum forward.  Please be advised that if this debt is not paid, Claimant will bring suit to foreclose this lien within the time periods set forth in O.C.G.A. §§ 44-14-360 et seq.

Along with this correspondence, we have included for your records a true and accurate copy of the Claim of Lien, which was recorded in the property records of the Superior Court of Fulton County, Georgia.

Very truly yours,

**CULHANE MEADOWS, PLLC**

*Jeffrey P. Lutz*

Jeffrey Paul Lutz, Esq.
Attorneys for Claimant

JPL/NA
Enclosure
Cc:    Wachter, Inc.

For Return Mailing or Service:
Jeffrey Paul Lutz, Esq.
Culhane Meadows, PLLC
1624 Frederica Road Ste 5B
St. Simons Island, Georgia 31522

Lien Book 5504 Page 643
Filed and Recorded 01/05/2023 03:03:00 PM
2023-0002477
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 1513298525

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*Culhane Meadows PLLC*
*1624 Frederica Road STE 5B*
*St. Simons Island, Georgia 31522*

## CLAIM OF LIEN

**STATE OF GEORGIA**
**COUNTY OF FULTON**

WACHTER, INC., a mechanic, contractor, subcontractor, materialman, machinist, manufacturer, registered architect, registered forester, registered land surveyor, registered professional engineer, registered interior designer, or other person (as the case may be) claims a lien in the amount of TWO HUNDRED FIFTY THOUSAND NINE HUNDRED THIRTY-FIVE AND 95/100THS DOLLARS ($250,935.95 USD) on the leasehold and all other property interests pertaining to building, house, factory, mill, machinery, or railroad (as the case may be) and the premises or real estate on which it is erected or built, of GRADY CASS, INC. located at 80 JESSE HILL JR. DRIVE SE, ATLANTA, GEORGIA 30303, according to the present numbering system in Fulton County, Georgia, and which is may more particularly described in Exhibit "A" hereto, for satisfaction of a claim which became due after OCTOBER 7, 2022 (which is the same as the last date the labor, services, or materials were supplied to the premises) for building, repairing, improving, or furnishing material (or whatever the claim may be).

Submitted this 5th day of January, 2023.

WACHTER, INC.

Jeffrey Paul Lutz, Esq. for Claimant

**NOTICE:  This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period.  If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.**

CATHELENE ROBINSON
Clerk of Superior Court

Deed Book 62785 Page 700
Cathelene Robinson
Clerk of Superior Court

## EXHIBIT A

### LEGAL DESCRIPTION

All that tract or parcel of land lying and being in Land Lot 52 of the 17th Land District, City of Atlanta, Fulton County, Georgia, said tract or parcel of land being more fully shown on a plat of survey prepared by Valentino & Associates, Inc. (Job #17-054; Drawing/File #17-054-LC), bearing the seal of Glenn A. Valentino, Ga. Registered Land Surveyor #2528, and being more particularly described, with bearings relative to Grid North, Georgia West Zone, as follows:

BEGINNING at a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w) and the northeasterly right-of-way line of Gilmer Street (apparent 60' public r/w).

THENCE proceeding along said northeasterly right-of-way line of Gilmer Street North 48 degrees 23 minutes 30 seconds West for a distance of 402.87 feet to a PK (masonry) nail found at the intersection of said northeasterly right-of-way line of Gilmer Street and the southeasterly right-of-way line of Piedmont Avenue (variable width public r/w);

THENCE proceeding along said southeasterly right-of-way line of Piedmont Avenue the following courses and distances, North 40 degrees 58 minutes 01 seconds East for a distance of 195.09 feet to a PK nail found;

THENCE North 41 degrees 09 minutes 29 seconds East for a distance of 203.15 feet to a PK nail set at the intersection of the southeasterly right-of-way line of Piedmont Avenue and the southwesterly right-of-way line of Armstrong Street (apparent 60' public r/w);

THENCE proceeding along said southwesterly right-of-way line of Armstrong Street South 48 degrees 51 minutes 57 seconds East for a distance of 405.50 feet to a PK nail found at the intersection of the southwesterly right-of-way line of Armstrong Street and the northwesterly right-of-way line of Jesse Hill, Jr. Drive (apparent 50' public r/w);

THENCE proceeding along said northwesterly right-of-way line of Jesse Hill, Jr. Drive the following courses and distances, South 41 degrees 26 minutes 29 seconds West for a distance of 197.35 feet to a PK nail set (said PK nail set being witnessed by a 1/2" rebar found 0.90 feet northwest thereof);

THENCE South 41 degrees 26 minutes 29 seconds West for a distance of 204.23 feet to a 5/8" rebar found at the intersection of the northwesterly right-of-way line of Jesse Hill, Jr. Drive and the northeasterly right-of-way line of Gilmer Street, said 5/8" rebar found being the POINT OF BEGINNING.

Said tract or parcel of land contains 3.712 acres or 161,702 square feet.

4

LEGAL02/40127260v1

**NOTICE:** **This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period. If you dispute the validity of this claim of lien, you have the right to contest it as provided by O.C.G.A. § 44-14-368.**

# EXHIBIT 6

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*CM Litigation Support Center*
*13101 Preston Rd STE 110-1510*
*Dallas, Texas 75240*

## NOTICE OF COMMENCEMENT OF LIEN ACTION AGAINST
## PROPERTY OWNED BY GRADY MEMORIAL HOSPITAL CORPORATION

STATE OF GEORGIA
COUNTY OF FULTON

WACHTER, INC. (the "Lien Claimant") hereby provides notice that it has commenced

an action styled *Wachter, Inc. v. Eckardt Group, LLC, Grady Memorial Hospital Corporation,*

*Gardy Cass, Inc., H.J. Russell & Company, and Skanska USA Building, Inc.* in the Superior

Court of Fulton County, Georgia, Civil Action File No. 00000000000000000, for the foreclosure

of a lien against real property owned by GRADY MEMORIAL HOSPITAL CORPORATION,

located at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303, according to the present numbering

system now in effect in Fulton County, Georgia.

The above-styled action was commenced on August __, 2023. The lien sought to be

foreclosed is recorded in the Fulton County Property Records at Lien Book 5504, Page 641-642.

So certified under Oath, and submitted for recordation, this the __th day of August, 2023.

_____
Jeffrey Paul Lutz, Esq.
Georgia Bar No. 670646
As Counsel for Lien Claimant


*Clerk: Please Cross-Reference with that Warranty Deed Recorded at Book ___ Page __*

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*CM Litigation Support Center*
*13101 Preston Rd STE 110-1510*
*Dallas, Texas 75240*

## NOTICE OF COMMENCEMENT OF LIEN ACTION AGAINST
## PROPERTY LEASED BY GRADY CASS, INC.

STATE OF GEORGIA
COUNTY OF FULTON

  WACHTER, INC. (the "Lien Claimant") hereby provides notice that it has commenced

an action styled *Wachter, Inc. v. Eckardt Group, LLC, Grady Memorial Hospital Corporation,*

*Gardy Cass, Inc., H.J. Russell & Company, and Skanska USA Building, Inc.* in the Superior

Court of Fulton County, Georgia, Civil Action File No. 00000000000000000, for the foreclosure

of a lien against real property owned by GRADY MEMORIAL HOSPITAL CORPORATION,

located at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303, according to the present numbering

system now in effect in Fulton County, Georgia.

  The above-styled action was commenced on August __, 2023. The lien sought to be

foreclosed is recorded in the Fulton County Property Records at Lien Book 5504, Page 641-642.

  So certified under Oath, and submitted for recordation, this the __th day of August, 2023.


        _____
        Jeffrey Paul Lutz, Esq.
        Georgia Bar No. 670646
        As Counsel for Lien Claimant


*Clerk: Please Cross-Reference with that Leasing Document Recorded at Book 62785 Page 697*



**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

**AUG 22, 2023 02:21 PM**

Ché Alexander, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| Wachter, Inc. | ) Case |
| | ) No.: 2023CV384629 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Grady Memorial Hospital Corporation | ) |
| | ) |
| | ) |
| Grady Cass, Inc. | ) |
| | ) |
| | ) |
| H.J. Russell & Company | ) |
| | ) |
| | ) |
| Skanska USA Building, Inc. | ) |
| | ) |
| | ) |
| Eckardt Group, Inc. | ) |
| **Defendant** | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Jeffrey Paul Lutz**
> **Culhane Meadows, PLLC**
> **1624 Frederica Road Ste 5B**
> **St. Simons Island, Georgia 31522**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____ 22nd day of____ August, 20 23**

Honorable Ché Alexander,
Clerk of Superior Court

_____
Ché Alexander, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**



**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

**AUG 22, 2023 02:21 PM**

Ché Alexander, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303

## SUMMONS

| | |
|---|---|
| Wachter, Inc. | ) Case |
| | ) No.: 2023CV384629 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) |
| Grady Memorial Hospital Corporation | ) |
| | ) |
| Grady Cass, Inc. | ) |
| | ) |
| H.J. Russell & Company | ) |
| | ) |
| Skanska USA Building, Inc. | ) |
| | ) |
| Eckardt Group, Inc. | ) |
| **Defendant** | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

**Jeffrey Paul Lutz**
**Culhane Meadows, PLLC**
**1624 Frederica Road Ste 5B**
**St. Simons Island, Georgia 31522**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____ 22nd day of_____ August, 20 23**

Honorable Ché Alexander,
Clerk of Superior Court

_____
Ché Alexander, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**



⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

**AUG 22, 2023 02:21 PM**

Ché Alexander, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| Wachter, Inc. | ) Case |
| | ) No.: 2023CV384629 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Grady Memorial Hospital Corporation | ) |
| | ) |
| | ) |
| Grady Cass, Inc. | ) |
| | ) |
| | ) |
| H.J. Russell & Company | ) |
| | ) |
| | ) |
| Skanska USA Building, Inc. | ) |
| | ) |
| | ) |
| Eckardt Group, Inc. | ) |
| **Defendant** | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Jeffrey Paul Lutz**
> **Culhane Meadows, PLLC**
> **1624 Frederica Road Ste 5B**
> **St. Simons Island, Georgia 31522**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____22nd day of\_\_\_\_August, 20 23**

> Honorable Ché Alexander,
> Clerk of Superior Court
>
>
> _____
> Ché Alexander, Clerk
> Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20\_\_\_\_\_

> Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**



**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

**AUG 22, 2023 02:21 PM**

Ché Alexander, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Wachter, Inc.

**Plaintiff,**

**vs.**

Grady Memorial Hospital Corporation

Grady Cass, Inc.

H.J. Russell & Company

Skanska USA Building, Inc.

Eckardt Group, Inc.

**Defendant**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case

No.: 2023CV384629

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Jeffrey Paul Lutz**
> **Culhane Meadows, PLLC**
> **1624 Frederica Road Ste 5B**
> **St. Simons Island, Georgia 31522**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____ 22nd day of_____ August, 20 23**

Honorable Ché Alexander,
Clerk of Superior Court

_____
Ché Alexander, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**



**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

**AUG 22, 2023 02:21 PM**

Ché Alexander, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303

## SUMMONS

| | |
|---|---|
| Wachter, Inc. | Case No.: 2023CV384629 |
| **Plaintiff,** | |
| **vs.** | |
| Grady Memorial Hospital Corporation | |
| Grady Cass, Inc. | |
| H.J. Russell & Company | |
| Skanska USA Building, Inc. | |
| Eckardt Group, Inc. | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Jeffrey Paul Lutz**
> **Culhane Meadows, PLLC**
> **1624 Frederica Road Ste 5B**
> **St. Simons Island, Georgia 31522**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____22nd day of_____August, 20 23**

Honorable Ché Alexander,
Clerk of Superior Court

_____
Ché Alexander, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

WACHTER, INC.,                          )
                                        )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action File No. 2023CV384629
                                        )
GRADY MEMORIAL HOSPITAL                 )
CORPORATION, GRADY CASS,                )
INC., H.J. RUSSELL & COMPANY,           )
SKANSKA USA BUILDING, INC.,             )
and ECKARDT GROUP, INC.,                )
                                        )
        Defendants.                     )

## **SUGGESTION OF BANKRUPTCY**

COMES NOW, Eckardt Group, LLC[1], Defendant in this action, and files this suggestion of bankruptcy to notify this Court that an involuntary petition for bankruptcy was filed against it pursuant to Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 23-54729, on May 19, 2023. Pursuant to 11 U.S.C.§ 362(a) this action is automatically stayed.

This the 5th day of September, 2023.

/s/ Jamie A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
JAMIE A. CHRISTY
Georgia Bar No. 683096

---

[1] Eckardt Group, LLC is identified as Eckardt Group, Inc. in the Complaint, but is registered as Eckardt Group, LLC with the Secretary of State.

**PAGE -1-**

*Attorneys for Defendant Eckardt Group, LLC*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:    (404) 681-3450
Facsimile:    (404) 681-1046
Email:        jac@swfllp.com

**PAGE -2-**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of the within and foregoing **NOTICE OF SUGGESTION OF BANKRUPTCY**, was filed with the Clerk of Court and served on all parties of record via the Court's electronic filing system and/or by depositing a copy of same in the United States first class mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Jeffrey Paul Lutz
CULHANE MEADOWS, PLLC
1624 Frederica Road, Suite 5B
St. Simons, Georgia 31522

This the 5th day of September, 2023.

/s/ Jamie A. Christy
JAMIE A. CHRISTY
Georgia Bar No. 683096
*Attorney for Eckardt Group, LLC*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:    (404) 681-3450
Facsimile:    (404) 681-1046
Email:          jac@swfllp.com

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV384629**

**SEP 08, 2023 10:19 AM**

Ché Alexander, Clerk
Fulton County Superior Court

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **WACHTER, INC.,** | │ |
| | │ |
| Plaintiff, | │ |
| | │ |
| **v.** | │ |
| | │ |
| **ECKARDT GROUP, LLC, GRADY** | │ |
| **MEMORIAL HOSPITAL CORP.,** | │ |
| **GRADY CASS, INC., H.J. RUSSELL &** | │ |
| **COMPANY,** and **SKANSKA USA** | │ |
| **BUILDING, INC.,** | │ |
| | │ |
| Defendants. | │ |

**CIVIL ACTION FILE NO.:**

2023CV384629

## NOTICE OF RECORDING OF LIEN ACTION NOTICES

COMES NOW Wachter, Inc., Plaintiff in the above-styled action, by and through undersigned counsel, and, in accordance with O.C.G.A. §§ 44-14-360 et seq., hereby provides this notice of the recording of those lien action notices attached hereto as Exhibit 1. Upon these recordings, Wachter has perfected its interest in the Property by timely filing this action within 365 days from the date such services, labor, supplies, or material were furnished, recording the attached notices within 30 days of filing suit, and otherwise having satisfied all conditions precedent to its lien foreclosure action.

This 8th day of September, 2023.        **CULHANE MEADOWS, PLLC**

_____
Jeffrey Paul Lutz, Esq.
Georgia Bar No. 670646

CM Litigation Support Center
13101 Preston Rd STE 110-1510
Dallas, Texas 75240
Main: (844) 285-4263
Email: jlutz@cm.law                     Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing upon all

parties by statutory mail to the following persons:

Eckardt Group, Inc.
c/o John A. Christy, R.A.
1100 Peachtree Street NE STE 800
Atlanta, Georgia 30309

Grady Memorial Hospital Corporation
c/o Timothy Jefferson, R.A.
80 Jesse Hill Jr. Drive SE
Atlanta, Georgia 30303

Grady Cass, Inc.
c/o Timothy Jefferson, R.A.
80 Jesse Hill Jr. Drive SE
Atlanta, Georgia 30303

H.J. Russell & Company
c/o Michael Russell, CEO
171 17th Street NW STE 1600
Atlanta, Georgia 30363

Skanska USA Building, Inc.
c/o C. Clay Hayden, Esq.
 245 Peachtree Center Ave STE 2500
Atlanta, Georgia 30303

So certified this 8th day of September, 2023.

_____
Jeffrey Paul Lutz, Esq.

CM Litigation Support Center
13101 Preston Rd STE 110-1510
Dallas, Texas 75240
Main: (844) 285-4263
Email: jlutz@cm.law

2

# EXHIBIT 1

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*CM Litigation Support Center*
*13101 Preston Rd STE 110-1510*
*Dallas, Texas 75240*

Lien Book 5697 Page 650
Filed and Recorded 09/06/2023 01:53:00 PM
2023-0213018
CHÉ ALEXANDER
Clerk of Superior Court
Fulton County, GA
Participant IDs: 1513298525

### NOTICE OF COMMENCEMENT OF LIEN ACTION AGAINST PROPERTY OWNED OR LEASED BY GRADY MEMORIAL HOSPITAL CORPORATION

STATE OF GEORGIA
COUNTY OF FULTON

WACHTER, INC. (the "Lien Claimant") hereby provides notice that it has commenced an action styled *Wachter, Inc. v. Eckardt Group, LLC, Grady Memorial Hospital Corporation, Gardy Cass, Inc., H.J. Russell & Company, and Skanska USA Building, Inc.* in the Superior Court of Fulton County, Georgia, Civil Action File No. 2023CV384629, for the foreclosure of a lien against real property owned or leased by GRADY MEMORIAL HOSPITAL CORPORATION, located at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303, according to the present numbering system now in effect in Fulton County, Georgia.

The above-styled action was commenced on August 22, 2023. The lien sought to be foreclosed is recorded in the Fulton County Property Records at Lien Book 5504, Page 641-642.

So certified under Oath, and submitted for recordation, this the 6th day of September, 2023.

Jeffrey Paul Lutz, Esq.
Georgia Bar No. 670646
As Counsel for Lien Claimant

*Clerk: Please Cross-Reference with that Document Recorded at Book 65135 Pages 001 to 005*

Filed and Recorded 09/06/2023 01:54:00 PM
2023-0213241
CHÉ ALEXANDER
Clerk of Superior Court
Fulton County, GA
Participant IDs: 1513298525

*After Recording, Return To:*
*Jeffrey Paul Lutz, Esq.*
*CM Litigation Support Center*
*13101 Preston Rd STE 110-1510*
*Dallas, Texas 75240*

## NOTICE OF COMMENCEMENT OF LIEN ACTION AGAINST
## PROPERTY OWNED OR LEASED BY GRADY CASS, INC.

STATE OF GEORGIA
COUNTY OF FULTON

WACHTER, INC. (the "Lien Claimant") hereby provides notice that it has commenced

an action styled *Wachter, Inc. v. Eckardt Group, LLC, Grady Memorial Hospital Corporation,*

*Gardy Cass, Inc., H.J. Russell & Company, and Skanska USA Building, Inc.* in the Superior

Court of Fulton County, Georgia, Civil Action File No. 2023CV384629, for the foreclosure of a

lien against real property owned or leased by GRADY CASS, INC., located at 80 Jesse Hill Jr.

Drive SE, Atlanta, Georgia 30303, according to the present numbering system now in effect in

Fulton County, Georgia.

The above-styled action was commenced on August 22, 2023. The lien sought to be

foreclosed is recorded in the Fulton County Property Records at Lien Book 5504, Pages 643-644.

So certified under Oath, and submitted for recordation, this the 6th day of September,

2023.

Jeffrey Paul Lutz, Esq.
Georgia Bar No. 670646
As Counsel for Lien Claimant

*Clerk: Please Cross-Reference with that Document Recorded at Book 62785 Pages 697-700*